LAW OFFICES OF BYRON THOMAS
BYRON E. THOMAS, ESQ.
Nevada Bar No. 8906
3275 S. Jones Blvd. Ste. 104
Las Vegas, Nevada 89146
Phone: (702) 747-3103
Attorneys for Plaintiff
Byronthomaslaw@gmail.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF, NEVADA

| | |
|---|---|
| ANDON ANSARI an individual;<br><br>Plaintiff,<br>v.<br>VALENTINO, USA, INC., a foreign corporation; DOES 1 through X, inclusive; and ROE Corporations XX through XXX, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-01690-JAD-CWH<br><br>**EX PARTE MOTION TO EXTEND TIME TO SERVE COMPLAINT PURSUANT TO FRCP 4(m)**<br>**(First Request)** |

Plaintiff ANDON ANSARI, ("Plaintiff" or "Andon") by and through his attorney of record files this Ex Parte Motion to Extend Time to Serve Complaint Pursuant to FRCP 4(m) (the "Motion") The Motion is based on the pleadings and paper on file, the Memorandum of Points and Authorities and the Exhibits attached thereto, and any argument ordered by the Court. This is Plaitniff's first request for an extension of time to serve process.

Dated this 2nd day of October 2017.

        **LAW OFFICES OF BYRON THOMAS**

        /s/ Byron E. Thomas

        Byron E. Thomas, Esq.
        Nevada Bar No. 8906
        3275 S. Jones Blvd. Ste. 104
        Las Vegas, Nevada 89146
        Phone: (702) 747-3103
        Attorneys for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### FACTS

1. Plaintiff filed the Complaint in this case on or about June 16, 2017.

2. Pursuant to Rule 4(M) service of the Complaint needed to be completed by September 14, 2017, ninety (90) days from the date of the filing of the Complaint.

3. On or about August 31, 2017 Plaintiff delivered the summons and complaint along with the name and address of the resident agent for the corporate Defendant to Tony Campos for service

4. (the "Process Server")

5. On or about September 1, 2017, counsel for Mr. Ansari asked Mr. Campos whether he had served the Complaint. See the Declaration of Tony Campos (the "Campos Declaration") a true and correct copy of which is attached hereto as **Exhibit "A."** Mr. Campos assured counsel that he had served the Corporate Defendant, Valentino, via its registered agent. Counsel for Plaintiff paid Mr. Campos and Mr. Campos informed Counsel for Plaintiff that he would provide an affidavit of service at a later date. *Id.*

6. On or about September 13, 2017 counsel inquired as to the status of the affidavit and Mr. Campos assured him that he would get it to him shortly. *See* the Campos Declaration; *see also* the Declaration of Byron Thomas Esq (the "Thomas Declaration) a true and correct copy of which is attached hereto as **Exhibit "B."** Counsel for Plaintiff did not think this was an issue as he was told that it was served and a tardy affidavit of service does not nullify service. See Thomas Declaration.

7. On or about September 25, 2017 Plaintiff's Counsel again inquired about the affidavit of service. See Thomas and Campos Declarations. At that time the Process Server informed Plaintiff that he had made a mistake. *Id.* When Plaintiff's Counsel asked him if he had served the Complaint on or about September 1, 2017 the Process Server had confused it with another job. *Id.* It was only when the Process Server went back to review his records that he realized he had mixed up service of process and Plaintiff's Complaint had not been served. Id. He actually served Valentinos' resident agent on or about September 21, 2017. Id.

8. Good cause exists and the Court should grant Plaintiff an extension of time to allow for the

service of Defendant.

## ARGUMEMT

A. <u>Good cause exists to extend the 90 day deadline</u>.

Rule 4(m) provides as follows:

> (m) TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Plaintiff's showing of good cause, at a minimum, requires demonstrating excusable neglect. See id. Excusable neglect is "a somewhat elastic concept" and should not be narrowly construed. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (citation and quotation marks omitted).

Nevada District Courts have found the existence of good cause, relying on Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337 (2011), where the failure of timely service was due to the fault of the process server:

> Generally, "good cause" exists where the plaintiff has been diligent in his effort to effect service or there are other mitigating circumstances. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337 (2011). Good cause is likely to be found when the failure to complete service in a timely fashion is due to the conduct of a third-person, typically the process server. *Id.* Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, **and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown.**" *See* Fed.R.Civ.P. 4(m), Advisory Comm. Notes, 1993 Amendments (emphasis added); *see also Henderson v. United States*, 517 U.S. 654, 661–62 (concluding that "the 120–day provision operates not as an outer limit subject to reduction, but as an irreducible allowance."). "On its face, Rule 4(m) does not tie the hands of the district court after the 120–day period has expired. *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

<u>Worthen v. Aftermath, Inc.</u>, 2:11-CV-00344-RLH, 2011 WL 5239986, at *4–5 (D. Nev. Oct. 31, 2011). Moreover, District courts have broad discretion to extend time for service under Rule 4(m):

In *Henderson v. United States*, 517 U.S. 654, 661, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996), the Supreme Court stated that Rule 4's 120–day time period for service "operates not as an outer limit subject to reduction, but as an irreducible allowance." This court in *Mann*, 324 F.3d at 1090–91, held that Rule 4(m) gave the district court discretion to extend time of service. "On its face, Rule 4(m) does not tie the hands of the district court after the 120–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120–day period." *Id.* at 1090. However, no court has ruled that the discretion is limitless. In making extension decisions under Rule 4(m) a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir.1998). Here, the district court provided no indication that it had considered those factors in reaching its decision. Its order merely cited Rule 4(m) and ruled: "Pursuant to Rule 4(m), the Court will order Plaintiff to serve Defendant Williams within thirty days from the date this Order is filed. If Plaintiff fails to serve Defendant Williams within that time, a subsequent motion to dismiss will be granted."

Efaw v. Williams, 473 F.3d 1038, 1040–41 (9th Cir. 2007).

In the instant case service was completed 97 days after filing the Complaint. Plaintiff's counsel did not know about the failure to serve the Complaint until September 25, 2017. **Exhibits "A" & "B."** Plaintiff's counsel had no reason to believe that service had not been completed. *Id.* Plaintiff's counsel followed up with the process server several times and was assured that service was complete each time. *Id.* Plaintiff's counsel acted diligently, and Plaintiff's counsel had no reason to question the process server. Therefore, good cause exists to extend the 90 day deadline.

B. If the Court does not find the existence of good cause, it should use it discretionary powers under Rule 4(m) to extend the deadline for service.

In making extension decisions under Rule 4(m) a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1040–41 (9th Cir. 2007)

In the instant case this is an employment law case. The time to file suit after the issuance of the right to sue letter expired in June of 2017 and more than 300 days has elapsed for many of Plaintiff's claims. Thus, the dismissal of this case will have the effect of creating a statutory bar of Plaintiff's claims.

In addition there would be no prejudice to Valentino. The summons and complaint was served only a week late. Such a short delay could not have prejudiced any counterclaim or defense that Valention would have

Finally, Valentio was aware that Plaintiff had retained counsel and had filed an EEOC Complaint. See Thomas Declaration Therefore, it was aware that a lawsuit was likely to follow.

## CONCLUSION

Pursuant to the foregoing reasons Plaintiff has established good cause for the extension of time serve the Complaint and Summons, or in the alternative the Court should use its discretionary powers to extend the deadline to serve complaint. Plaintiff believes that the process server did serve the Complaint on September 21, 2017. However, in an abundance of caution Plaintiff requests an additional 10 days from the date of the Court's order to effect service.

Dated, October _2, 2017

**LAW OFFICES OF BYRON THOMAS**

/s/ Byron E. Thomas

Byron E. Thomas, Esq.
Nevada Bar No. 8906
3275 S. Jones Blvd. Ste. 104
Las Vegas, Nevada 89146
Phone: (702) 747-3103
Attorneys for Plaintiff
Byronthomaslaw@gmail.com

IT IS SO ORDERED:

_____

UNITED STATES MAGISTRATE JUDGE

DATED: October 3, 2017

EXHIBIT "A"

# UNITED STATES DISTRICT COURT

# DISTRICT OF, NEVADA

| | |
|---|---|
| ANDON ANSARI an individual;<br><br>Plaintiff,<br>v.<br><br>VALENTINO, USA, INC., a foreign corporation; DOES I through X, inclusive; and ROE Corporations XX through XXX, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-01690-JAD-CWH<br><br>**DECLARATION OF TONY CAMPOS IN SUPPORT OF MOTION TO EXTEND TIME FOR SERVICE** |

I Tony Campos am over the age of eighteen. I am competent to make this declaration. I make this declaration based on my personal knowledge.

On or about August 31, 2017 counsel for Plaintiff in the above referenced case delivered the summons and complaint to me for service upon the corporate defendant's resident agent.

On or about September 1, 2017, counsel for Plaintiff inquired as to whether I had served on the Complaint and summons. I in good faith believed that I had served the Complaint and Summons, so I answered Plaintiff's counsel in the affirmative, and I was going to prepare the affidavit at a later date.

On or about September 13, 2017, Plaintiff's counsel once again inquired about the affidavit and I assured him I would provide it to him. However, I became busy and I did not begin the preparation of the affidavit of service until September 21, 2017. At that point I realized that I had not served the Complaint but confused it with another delivery of papers.

On September 21, 2017 I served the summons and complaint on Defendant, via its resident agent.

/ / /

/ / /

/ / /

/ / /

/ / /

On or about September 25, 2017 I delivered the affidavit to Plaintiff's counsel. At no time did I intend to mislead counsel for Plaintiff. I was simply mistaken as to the service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2017.

_____
Tony Campos

EXHIBIT "B"

LAW OFFICES OF BYRON THOMAS
BYRON E. THOMAS, ESQ.
Nevada Bar No. 8906
3275 S. Jones Blvd. Ste. 104
Las Vegas, Nevada 89146
Phone: (702) 761-4945
Facsimile: (702) 543-4855
Byronthomaslaw@gmail.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF, NEVADA

| ANDON ANSARI an individual;<br><br>Plaintiff,<br>v.<br><br>VALENTINO, USA, INC., a foreign corporation; DOES 1 through X, inclusive; and ROE Corporations XX through XXX, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-01690-JAD-CWH<br><br>**DECLARATION OF BYRON THOMAS IN SUPPORT OF EX PARTE MOTION TO EXTEND TIME FOR SERVICE** |
|---|---|

I Byron E. Thomas am over the age of eighteen. I am competent to make this declaration. I make this declaration based on my personal knowledge.

I am counsel for Plaintiff in the above captioned action. On or about August 31, 2017. I delivered the summons, the complaint, and the address for the corporate Defendant's resident agent to Tony Campos for service of process ("Process Server")

On or about September 1, 2017, I inquired with the Process Server as to whether he had served the Complaint and summons. Mr. Campos informed that he had and that he would prepare the affidavit of service.

On or about September 13, 2017, I once again inquired about the affidavit, and he assured me that he would provide it to me shortly, and once again confirming service. I did not think this was an issue as a tardy service does nullify service, and I was told Defendant had been served.

On September 25, 2017, I learned that Mr. Campos had not served the Complaint and Summons when he told. Because of a clerical error he confused documents so although he thought he had served it when he told me, he was wrong. Thus, the Motion for additional time to serve Defendant is necessary.

I have spoken to Valentio's corporate representatives in my capacity as attorney for Plaintiff. They were also aware of the EEOC Complaint, and therefore knew suit was likely.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 2, 2017.

Byron E. Thomas, Esq.